## George Judd v. John N. Watts.

1.  FINDINGS OF THE COURT—*Upon Questions of Fact.*—The findings of the judge of the trial court upon conflicting evidence in a case submitted to him, is conclusive upon the questions of fact in issue.

Assumpsit, for commissions. Trial in the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Finding and judgment for defendant; error by plaintiff. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

ROBERT H. PATTON, attorney for plaintiff in error.

PATTON, HAMILTON & PATTON, attorneys for defendant in error.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action of assumpsit by George Judd against John N. Watts, tried in the Circuit Court of Sangamon County by agreement of the parties without a jury, and resulted in the court finding for the defendant and entering judgment against the plaintiff for costs, to reverse which the plaintiff in error has sued out of this court a writ of error, and insists that the finding and judgment of the Circuit Court is against the evidence, and that the court improperly ruled on the evidence and the propositions of law submitted by him. The declaration contained the common counts and one special count, in which the plaintiff claimed that the defendant was indebted to him for labor and services performed at his request, and for commissions in and about procuring a certain loan.

Defendant pleaded the general issue, upon which issue was joined.

The evidence in the bill of exceptions shows that the defendant in error employed the plaintiff in error in April or May, 1896, to procure for him a loan for $25,000, to be secured by mortgage upon a large tract of land situated in Sangamon county, Illinois, owned by the defendant in

error, for which service the defendant in error agreed to pay the plaintiff in error $500, out of which the plaintiff in error was to procure and pay an attorney to examine and pass upon the abstracts of title to the land.  The plaintiff in error then proceeded to find some one to make the loan and employed Mr. Conkling, an attorney of Springfield, Illinois, to examine and pass upon the abstracts of title furnished by the defendant in error.  The attorney was of the opinion that the abstracts furnished were defective, and to supply the defects, certain papers and affidavits should be procured from people living in Indiana, Kentucky, and in the cities of Havana and Pekin, Illinois.

The defendant in error, under the directions of the attorney, Conkling, undertook to procure the required papers and affidavits, but much time was consumed and delay occasioned by the difficulty in finding the necessary persons to sign the required papers and make the affidavits, and inducing them to sign them after they were found. During this delay the plaintiff in error was engaged in negotiating with those who were able and willing to make the loan if the title of the defendant in error to the land in question was shown to be good by a proper abstract, duly passed by a capable attorney.

Finally, after the defendant in error had succeeded in procuring substantially all, if not all, the papers and affidavits to be signed that the attorney of the plaintiff in error required to complete the abstracts of title to the land, those to whom the plaintiff in error had applied to make the loan either refused to do so on account of not being satisfied with the abstracts, or requested further time to furnish the money for the loan.  Thereupon the defendant in error, by his son-in-law as his representative, applied to the plaintiff in error to ascertain what his chances were for getting the loan, and the evidence tends strongly to show that Judd then gave Watts' son-in-law and representative to understand that, owing to the delay, he could not ask Watts to wait any longer, and for him (Watts) to procure the loan wherever he could, and he (Judd) would not hold him any longer to the agreement he had with him.

After this, and on or about March 19, 1897, Watts procured the desired loan, before which time, however, being desirous of getting his abstracts of title to his land (then in the hands Mr. Conkling), he went to Judd and demanded such abstracts, and after some talk between them, it was agreed that Watts might go to Mr. Conkling and get the abstracts by paying him whatever he (Conkling) thought Watts ought to pay.

After seeing Watts, Conkling interviewed Judd and then gave Watts the abstracts upon being paid $100.

There is a conflict in the evidence as to whether or not the $100 was paid in full satisfaction of all claims made by Judd upon Watts, or only for such part as Judd claimed for services rendered by his attorney. This conflict in the evidence is upon a vital question of fact, but from a careful examination of all the evidence, we are satisfied that the learned judge who heard this case in the Circuit Court came to the proper conclusion when he found the issues for the defendant.

As to the rulings of the court on the propositions of law, we find no prejudicial error, nor do we find that the rulings on the evidence were prejudicial.

We therefore affirm the judgment of the Circuit Court, being of opinion that, on the whole record, it is right. Judgment affirmed.